WO                                                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Earl Felton Crago, Jr.,                    )     No. CV 06-0443-PHX-EHC (JRI)
                                           )
       Plaintiff,                     )     **ORDER**
                                           )
vs.                                        )
                                           )
Dora Schriro, et al.,                      )
                                           )
       Defendants.                    )
                                           )

       Plaintiff Earl Crago, Jr. brought this civil rights action under 42 U.S.C. § 1983 against employees of the Arizona Department of Corrections (ADC) (Doc. # 1).[1]

       Before the Court is Defendants' Motion for Reconsideration (Doc. # 120).

       The Court will grant in part and deny in part the motion.

**I.    Background**

    **A.    Complaint**

       Plaintiff filed a Complaint alleging that Defendants' failure to protect him from other inmates during his April 20, 2004 transfer from the ADC to the Pinal County Jail resulted

---

[1] Plaintiff named the following employees: (1) Director Dora Schriro; (2) Warden Trujillo; (3) Deputy Warden Andre; (4) Major Johnson; (5) Correctional Officer (CO) II Teed; (6) Nurse Daley; (7) Criminal Investigation Unit Officer Tartaglia; (8) CO II Fischer; and (9) Facility Health Administrator Sloan (Doc. # 1 at 1-2). Defendant Transportation Sergeant Doescher was dismissed for failure to serve (Doc. # 44).

in violations of his Eighth Amendment rights (Count I) (Doc. #1 at 4).[2] Specifically, Plaintiff contended that he is a Protective Segregation (PS) inmate who had been assaulted previously during transportation with non-PS inmates. On April 20, 2004, when Plaintiff was to be transported from the prison to the Pinal County Jail for an upcoming court appearance, Plaintiff alleged that he informed Teed that the other inmates in the transport vehicle could see that Plaintiff was a protective segregation (PS) inmate and they knew that there was a murder order issued on him by a prison gang (id. at 4A). Plaintiff asserted that he personally told Teed of his PS status and that he had been assaulted on two prior transports by general population (GP) inmates. He stated that despite his pleas not to be put in the transport van, Teed threatened to mace Plaintiff if he did not get into the van. Plaintiff claimed that he did get in the vehicle with a GP inmate who subsequently assaulted Plaintiff (id.).

**B.    Defendants' Motion for Summary Judgment**

Defendants moved for summary judgment on March 25, 2008 (Doc. #97). The Count I Defendants—Teed, Johnson, Andre, Trujillo, and Schriro—argued that because Plaintiff was technically no longer in the custody of the ADC when he was assaulted, Defendants could not have had the requisite personal involvement in any constitutional violation. Alternatively, Defendants contended that they were not deliberately indifferent to a serious risk to Plaintiff's safety.

The Court denied summary judgment. In its Order, the Court determined Defendants' failure to cite any authority for their argument that Plaintiff's transfer to the Pinal County Jail absolved them of personal responsibility for his safety precluded summary judgment on that basis. Further, the Court found that genuine issues of material fact existed as to whether Defendants were aware of and disregarded a substantial risk to Plaintiff's safety. Specifically, the Court determined that Teed's acknowledgment that she was concerned about Plaintiff's transportation with non-PS inmates created a genuine issue of fact for trial. As for the supervisory Defendants—Johnson, Andre, Trujillo, and Schriro—the Court found that because there were no policies concerning the transportation of PS inmates with non-PS

---

[2] Counts II and III were dismissed on summary judgment (Doc. # 118).

- 2 -

1  inmates summary judgment was not warranted (Doc. # 118).

2  **C.     Defendants' Motion for Reconsideration**

3  The Count I Defendants have now moved for reconsideration of the Court's Order
4  denying summary judgment (Doc. # 120). Defendants present the following arguments for
5  reconsideration: (1) Defendants are entitled to absolute immunity; (2) the Court erred in
6  determining that Teed was not entitled to qualified immunity because Teed did not know of
7  and disregard a *substantial* risk of *serious* harm to Plaintiff; (3) the Court overlooked
8  Eleventh Amendment immunity when it applied a theory of municipal liability against
9  Johnson, Andre, Trujillo, and Schriro; and (4) Johnson, Andre, Trujillo, and Schriro are
10 entitled to qualified immunity (id.).

11 The Court ordered Plaintiff to respond (Doc. # 124). In his response, Plaintiff
12 contends that Defendants are not entitled to absolute immunity and that the Court properly
13 denied Defendants' request for qualified immunity (Doc. # 127).

14 **II.    Legal Standard**

15 Motions for reconsideration should be granted only in rare circumstances. Defenders
16 of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with
17 a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels
18 Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the
19 court to rethink what it has already thought through. United States v. Rezzonico, 32 F.
20 Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court
21 "(1) is presented with newly discovered evidence, (2) committed clear error or the initial
22 decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
23 School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
24 "No motion for reconsideration shall repeat in any manner any oral or written argument made
25 in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rodgers
26 Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

27 ///

28 ///

**III.   Analysis**

    **A.   Absolute Immunity**

Defendants contend that the Court "made a manifest error of law when it found that [they were] not entitled to absolute immunity for complying with the Pinal County Superior Court's transport order" (Doc. # 120 at 3). But this statement is misleading—the Court did not *find* that Defendants were not entitled to absolute immunity; rather, Defendants acknowledge that they did not present an argument for or legal authority supporting an absolute immunity defense. Defendants maintain that this was an "honest and inadvertent oversight" and argue that the Court should have *sua sponte* granted Defendants absolute immunity (id.).

"A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration." Novato Fire Protection Dist. v. U.S., 181 F.3d 1135, 1142 n.6 (9th Cir. 1999) (citation omitted). The Court will not address Defendants' absolute immunity argument now and reconsideration on this basis will be denied.

    **B.   Teed**

Defendants next contend that the Court erred in determining that Teed was not entitled to qualified immunity. Defendants submit that while it was clearly established that inmates have a constitutional right not to be placed at risk of serious harm from another inmate, Farmer v. Brennan, 511 U.S. 825, 833 (1994), it was *not* clearly established "when a risk perceived by a correctional officer changes from being a risk of some harm into a substantial risk of serious physical harm" (Doc. # 120 at 4).

Reconsideration on this basis will be denied because Defendants have not established that the Court committed clear error in its qualified immunity analysis. Indeed, Defendants' request for reconsideration on this basis is at its core a request for the Court to rethink what it has already thought through, which is not an appropriate request for reconsideration. Rezzonico, 32 F. Supp.2d at 1116.

Defendants' continued reliance on Estate of Ford v. Ramiriez-Palmer, 301 F.3d 1043 (9th Cir. 2002), is misplaced because of the undisputed facts that: (1) Teed knew that

- 4 -

1  Plaintiff was a PS inmate; (2) she knew that Plaintiff was going to be transported with non-
2  PS inmates; (3) Plaintiff informed Teed that he had been assaulted twice previously when
3  transported with non-PS inmates, his materials identified his housing unit and, thus, his
4  status, and he had a murder order issued on him by a prison gang; (4) Teed drew the
5  inference of such risk because she expressed her concern to others about what to do; (5) she
6  ultimately let Plaintiff get in the vehicle; (6) where he was subsequently injured. Teed's own
7  actions are the strongest proof of her subjective belief—she questioned whether she should
8  put Plaintiff in the van because she inferred from Plaintiff's statements to her that he faced
9  a substantial risk of serious harm. Sweet v. Hernandez, 2003 WL 21920921 *6 (N.D. Cal.
10 Aug. 6, 2003). Teed cannot now escape liability by arguing that she did not think the risk
11 was excessive.
12       Nor do the other cases cited by Defendants compel reconsideration because they are
13 factually inapposite to this case. Most striking is Defendants' reliance on Walters v. Doan,
14 2006 WL 2506779 (E.D. Cal. August 29, 2006), for the proposition that summary judgment
15 was granted for defendants on the basis of qualified immunity where the plaintiff, a
16 restrained protective segregation inmate, was transported with an unrestrained wheelchair-
17 bound inmate from a gang yard. Defendants have misstated the facts in Walters. The district
18 court's decision was not based on qualified immunity. The court explicitly found that the
19 plaintiff had provided no evidence that the defendants knew of his vulnerable status or his
20 assailant's status. It was for that reason that those defendants were granted summary
21 judgment, which lies in stark contrast with this case where it is undisputed that Plaintiff told
22 Teed of his PS status and two prior assaults during transportation with non-PS inmates,[3] and

---

[3] Defendants question Plaintiff's allegations that he was previously assaulted (Doc. # 120 at 6). They contend that those prior assaults were not "corroborated", and therefore should not have had any relevance in determining whether Plaintiff was at risk on April 20, 2004. But on summary judgment, the Court must look at the evidence in the light most favorable to Plaintiff and draw all inferences in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Because Plaintiff has personal knowledge of those assaults, the Court views them as Plaintiff does.

- 5 -

1 Teed's acknowledgment that she was concerned about Plaintiff's safety.[4]  Thus, <u>Walters</u> is
2 entitled to no weight on reconsideration.

3       The other cases cited also do not support Defendants' position as they do not involve
4 scenarios where the defendants knew of the plaintiff's vulnerability prior to placing him in
5 a situation where he was ultimately assaulted.  Moreover, contrary to Defendants' argument,
6 an inmate does not have to disclose a particular threat from a particular inmate.  <u>Farmer</u>, 511
7 U.S. at 842.  Teed also did not have to have personal recollection or extrinsic proof of
8 Plaintiff's prior assaults for that to constitute notice—Plaintiff told her he had been assaulted
9 twice before under similar circumstances.  In sum, Teed is not entitled to qualified immunity
10 and reconsideration on this basis will be denied.

### C. Supervisory Defendants

12       Defendants next contend that the Court erred in applying <u>Gibson v. County of
13 Washoe</u>, 290 F.3d 1175 (9th Cir. 2002) to this case.  Specifically, Defendants argue that
14 <u>Gibson</u> is limited to municipal—not state—liability.  Defendants are correct and are entitled
15 to reconsideration on this ground.  The Court will therefore reanalyze whether the
16 supervisory Defendants—Johnson, Andre, Trujillo, and Schriro—are entitled to summary
17 judgment.

#### *1. Official Capacity*

19       State officials in their official capacity are not persons within the meaning of § 1983.
20 <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Plaintiff's Complaint alleges
21 that he is suing Johnson, Andre, Trujillo, and Schriro in their individual and official
22 capacities (Doc. # 1 at 3).  In his response to Defendants motion for reconsideration, Plaintiff
23 clarifies that he is suing Defendants in their individual capacity (Doc. # 127 at 4).
24 Consequently, any failure to protect claim that Plaintiff has presented against Johnson,
25 Andre, Trujillo, and Schriro in their official capacity is dismissed.

---

[4] The Court also finds unpersuasive Defendants' argument regarding Teed's subjective belief that there was nothing she could do to stop Plaintiff's transport.  Defendants have provided no evidence at all to support that contention.

- 6 -

### *2.     Individual Capacity*

A supervisor may be liable only on the basis of their own acts or omissions. There is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a person who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. Dep't of Soc. Serv. Of New York, 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Moreover,

> [s]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead, the liability must be based upon active unconstitutional behavior. Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence.

Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999) (internal citations omitted).

The record is absent of any evidence that Johnson, Andre, Trujillo, or Schriro had any personal participation in Plaintiff's transportation on April 20, 2004. Rather, Plaintiff contends that the supervisory Defendants' failure to enact policies requiring the separation of PS inmates from non-PS inmates during transportation to an outside agency gives rise to constitutional liability. The summary judgment evidence demonstrates that Johnson, Andre, and Trujillo did not have any policymaking authority. Summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he would have the burden of proof at trial. Celotex Corp., 477 U.S. at 322-23 (articulating that the moving party need not support its motion with evidence negating the opponent's claim). Plaintiff has not introduced any evidence to create a genuine issue of fact that Johnson, Andre, or Trujillo had any policymaking authority with respect to PS inmates. To the extent that Plaintiff argues that Johnson and Andre were

1 required to review Plaintiff's transport plan, Defendants have correctly noted that
2 requirement only applies to transportation within the ADC (Doc. # 116, Ex. F). And because
3 a party cannot be held responsible for prison conditions beyond their control, Williams v.
4 Bennett, 689 F.2d 1370, 1388 (11th Cir. 1982), the Court finds that Johnson, Andre, and
5 Trujillo are entitled to summary judgment.

6      **D.**     **Schriro**

7 It is undisputed that Schriro has final policymaking authority. See A.R.S. § 41-
8 1604(A). The question therefore becomes whether Schriro knew of and disregarded a risk
9 to inmate safety by not enacting a policy regarding transportation of PS inmates with other
10 agencies. The Court finds that she did not have any knowledge because Plaintiff has failed
11 to produce any evidence that she was aware of Plaintiff's problems specifically or a problem
12 with the transportation of PS inmates being transported by other agencies with non-PS
13 inmates generally. Consequently, on this record, the Court must find that no genuine issue
14 of material fact exists as to Schriro. She is entitled to summary judgment.

15 **IV.**     **Conclusion**

16 The Court finds that Defendants are not entitled to reconsideration as to their claim
17 of absolute immunity or qualified immunity for Teed. Defendants are, however, entitled to
18 reconsideration as to the supervisory Defendants and Johnson, Andre, Trujillo, and Schriro
19 are all entitled to summary judgment.

20 **IT IS ORDERED:**

21      (1)     The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion
22 for Reconsideration (Doc. # 120). All other matters in this action remain with the Magistrate
23 Judge for disposition as appropriate.

24      (2)     Defendants' Motion for Reconsideration (Doc. # 120) is **granted** in part and
25 **denied** in part. The motion is granted as to Defendants Johnson, Andre, Trujillo, and
26 Schriro. They are entitled to summary judgment and are dismissed from this action with
27 prejudice.

28 //

1     (3)     The motion is otherwise **denied**.

2     (4)     The remaining claim is Count I against Teed.

3     DATED this 29th day of January, 2009.

_____
Earl H. Carroll
United States District Judge